UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

v.

D-8 JOSEPH ARSENAULT,

    Defendant / Petitioner.

                              /

Criminal Case No. 2:14-cr-20599

Civil Case No. 2:18-cv-10019

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR ORDER FINDING WAIVER OF PRIVILEGE [576]**

In March 2016, Defendant pleaded guilty to conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. The Court then sentenced him to 121 months' imprisonment. Defendant now moves to vacate his sentence, and argues, inter alia, that his counsel were ineffective because they failed to make certain arguments and to present certain evidence during sentencing despite Defendant's requests. In light of that argument, the Government asks the Court to issue an order finding that Defendant waived the attorney-client privilege so that Defendant's attorneys may respond to his allegations. Defendant did not file a timely response to the Government's motion, E.D. Mich. LR 7.1(e), which the Court would typically construe as a concession. But, the Court will address the merits here because Defendant is proceeding pro se and the issue at stake is substantial.

The attorney-client privilege protects certain communications between an attorney and client. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The privilege, however, is not absolute. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). Generally, the privilege is

waived by either: (a) voluntary disclosure of private communications, or (b) conduct that implies a waiver. *Lott*, 424 F.3d at 452 (quoting *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002)). In habeas cases, conduct that implies a waiver can be the assertion of ineffective assistance of counsel. *Id.* at 453. Such waivers, however, are construed narrowly and should be limited to the extent necessary to litigate a petitioner's claim. *Id.* Courts thus examine whether the petitioner injected into litigation an issue that requires testimony from his attorney or testimony concerning the reasonableness of his attorney's conduct. *Id.* (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)).

Here, Defendant waived the attorney-client privilege only as to certain information. In support of his motion to vacate sentence, Arsenault attached to a public filing several emails between him and his attorneys. By publishing those previously private communications, Arsenault waived any privilege attached to the emails. But Arsenault did not waive the attorney-client privilege so totally that his attorneys can properly respond to additional inquiries from the Government. Although Arsenault raised an ineffective assistance of counsel claim, the nature of his particular claim does not require testimony from his attorneys. Unlike claims that require analysis of an attorney's private advice—for example, whether an attorney correctly advised on sentencing exposure—the claims here can be evaluated based on counsels' sentencing memoranda and oral arguments.[1]

---

[1] As Arsenault's arguments develop, however, it may become necessary to analyze his private communications with his attorneys. If that happens, the Government may file a renewed motion. But, the Court will expect a more thorough analysis of why speaking with Arsenault's attorneys is necessary.

Additionally, the Government requested an extension to respond to Arsenault's motion to vacate sentence. The justification for the extension was that the Government needed time to gather information from Arsenault's attorneys. But since that information is privileged, the Government need not collect it. The Court, however, will give the Government a short extension so it can process the present order. This extension, however, is the fourth, so no more will be granted barring extraordinary circumstances.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Government's Motion for Order Finding Waiver of Privilege [576] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that no later than June 8, 2018, the Government shall file its response to Arsenault's motion to vacate sentence.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 24, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager