UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-8, JOSEPH ARSENAULT,

    Defendant.

                            /

Case No. 2:14-cr-20599

Related Case No. 2:18-cv-10019

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING**
**AMENDED MOTION TO VACATE SENTENCE [547], [554]**

In March 2016, Defendant Joseph Arsenault pleaded guilty to conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. ECF 276. The Court then imposed a guideline sentence of 121 months' imprisonment. ECF 544. On January 2, 2018, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF 547, and, on January 18, 2018, an amended motion, ECF 554. On June 4, 2018, the Government filed its response brief, opposing Defendant's motion to vacate sentence. ECF 583. After reviewing the briefs, the Court finds that a hearing is unnecessary. For the reasons below, the Court will deny Arsenault's motion.

**BACKGROUND**

Defendant was arraigned in Detroit on April 15, 2015, on an indictment charging him with conspiracy to commit mail and wire fraud and wire fraud. ECF 583, PgID 3149. John Freeman represented Defendant until August 12, 2015, when Dennis Johnston replaced Freeman. ECF 177. On March 23, 2016, Defendant pleaded guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, pursuant to a plea

1

agreement. ECF 276; *see* ECF 514. The plea agreement contained an agreed guideline range of 97 to 121 months' imprisonment. *Id.* at 1278–79, 1297. The plea agreement contained a provision for the government to make a nonbinding recommendation to the Court for a sentence within that range. *Id.* at 1280. The agreement's worksheets stated that Defendant had a total offense level of 30, including a two-level increase for an offense involving sophisticated means under U.S.S.G. § 2B1.1(b)(10) and a criminal history category of I. *Id.* at 1296–97.

The plea agreement also contained a cooperation provision. *Id.* at 1287–91. The cooperation provision obligated Defendant to cooperate actively, in good faith, *id.* at 1288, and to provide truthful and complete information, including by volunteering all information reasonably related to the subjects discussed in the debriefing, *id.* at 1288–89. The plea agreement then stated that the Government had exclusive discretion to determine whether Defendant provided substantial assistance. *Id.* at 1290. The Government agreed that, if Defendant's cooperation amounted to substantial assistance, it would recommend a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim P. 35, as appropriate. *Id.* at 1290–91.

Mr. Johnston and Defendant both signed the plea agreement, which acknowledged Defendant's understanding its terms. *Id.* at 1295. By signing, Defendant also affirmed that he was satisfied with his attorney's advice and representation and that he had the full opportunity to confer with his lawyer. *Id.* And by signing the plea agreement, Defendant waived his appellate rights. *Id.* at 1292.

At his March 23, 2016 guilty plea, under oath, Defendant stated that he reviewed the plea agreement with Mr. Johnston and understood its contents. ECF 514, PgID 2710,

2715–16. He also stated that he agreed with the discussion between Mr. Johnston and Assistant United States Attorney Craig Weier. *Id.* The Court then explained that it would determine the sentence at a separate point after Defendant accepted the plea, which Defendant stated he understood. *Id.* at 2716–17.

The Court accepted Defendant's guilty plea and set sentencing first for July 22, 2016, later resetting it for September 9, 2016. *See* ECF 272, 338.

On August 19, 2016, Defendant retained Sanford Plotkin. ECF 365. Mr. Johnston remained on the case. The Presentence Report was completed on June 10, 2016, and Mr. Johnston timely filed two objections for Defendant. *See* ECF 583, PgID 3153. The Government and Defendant filed a series of sentencing memoranda. ECF 469 (under seal), 477 (under seal), 480 (under seal).[1] Both Defendant's Sentencing Memorandum, ECF 477 (under seal), and Defendant's Reply to Government's Supplemental Sentencing Memorandum, ECF 480 (under seal), were signed by Mr. Johnston and Mr. Plotkin.

On April 25, 2017, Defendant sent an email directly to the Court, which the Court construed as a Motion for Withdrawal of Attorney. ECF 485. The email stated that Defendant had problems with his legal team and attempted to present factual allegations. *Id.* The Court set a hearing for May 16, 2017, when Mr. Plotkin appeared for himself and co-counsel and explained that there had been an irreconcilable breakdown in the attorney-client relationship. *See* ECF 487. On May 16, 2017, the Court granted the motion for both Mr. Johnston and Mr. Plotkin to withdraw. ECF 489. The Court then appointed Federal Defender Arthur Weiss to represent Defendant. ECF 490.

---

[1] Both Plaintiff's Supplemental Sentencing Memorandum and Defendant's Reply to that Supplemental Sentencing Memorandum are designated as docket entry number 480 on ECF.

Mr. Weiss filed Defendant's Supplemental Sentencing Memorandum on November 29, 2017. ECF 528 (under seal). The memorandum was thirteen-pages long with approximately fifty pages of exhibits and advocated for a downward departure in sentencing. *Id.* (under seal). The memorandum emphasized personal factors, such as Defendant's age, health issues, substance abuse issues, and role in the offense. *Id.* at 2763–68. It referred the Court to literature suggesting that the risk of recidivism is lower for individuals of advanced age. *Id*. at 2764.

The Court held a sentencing hearing on December 7, 2017. The Court granted both objections made by Defendant's counsel regarding the presentence report, namely, narrowing the time frame when Defendant participated in the scheme, ECF 565, PgID 3028–30, and diminishing the amount of money that Defendant made from the scheme, *id.* at 3030–32. Meanwhile, the Government elected not to recommend downward departure under U.S.S.G. § 5K1.1. It had determined that Defendant's purported cooperation did not amount to substantial assistance in the investigation or prosecution of others; indeed, the Government believed that Defendant was untruthful about the nature and effect of his cooperation. ECF 480, PgID 2555–61 (under seal); ECF 583, PgID 3156. And the Court sentenced Defendant to 121 months' imprisonment.

Defendant filed, pro se, his motion to vacate sentence, ECF 547, and a memorandum in support of the motion to vacate sentence, ECF 554. Defendant challenges only the length of his custodial sentence. *Id.* at 2913, 2916–17. He seeks to be resentenced without the sophisticated means enhancement and with the downward departure he expected (had Plaintiff made a U.S.S.G. § 5K1.1 recommendation). *Id.* He also objects to his sentence based on how it compares to those of his co-defendants. *Id.*

As grounds for resentencing, Defendant argues that his prior attorneys rendered ineffective assistance of counsel. First, he asserts that his attorneys did not sufficiently argue against the sophisticated means enhancement. *Id.* at 2915. Second, he avers that his attorneys failed to demand an evidentiary hearing on his purported cooperation with the Government—he believes he was entitled to § 5K1.1 credit for his cooperation. *Id.* at 2914, 2917. He lodges several more complaints about the quality of his representation: the attorneys did not release certain funds that "the Government accused him of hiding", *id.* at 2915; the attorneys did not call a character witness that Defendant requested for his sentencing hearing, *id.*; they somehow prevented him from participating in his defense case, *id.* at 2915–16; and they did not ensure that he received the same sentence as co-defendants, *id.* at 2916.

## DISCUSSION

The burden for establishing entitlement to an evidentiary hearing is relatively light on a motion to vacate sentence. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (citing *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). But a district court can forego an evidentiary hearing when the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts. 28 U.S.C. § 2255(b); *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Here, Defendant's allegations of ineffective assistance of counsel are contradicted by the record, so no evidentiary hearing is necessary.

To succeed, a petitioner's ineffective assistance of counsel claims must satisfy both prongs of the performance and prejudice test in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show that his attorney's representation fell below an

5

objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel's behavior lies within a broad range of reasonable professional assistance. *Id.* at 689. Second, he must show that he was prejudiced by his attorney's deficient performance, such that the counsel's conduct undermined the proper functioning of the adversarial process. *Id.* at 686. If the defendant makes an insufficient showing on even one of these prongs, his ineffective assistance of counsel claim must fail. *Id.* at 697.

Here, Defendant's ineffective assistance of counsel claims do not satisfy the *Strickland* test. Indeed, his allegations are contradicted by the record, which show that Messrs. Johnston, Plotkin, and Weiss each performed objectively reasonably.

First, Defendant's allegations that his attorneys insufficiently argued against the sophisticated means enhancement are unfounded. Defendant himself agreed to the enhancement. It was incorporated into the offense level and guidelines range portion of his plea agreement. ECF 276, PgID 1296–97. Defendant affirmed that he understood and agreed to the terms of the plea agreement both by signing the agreement and by saying so in court while pleading guilty. *Id.* at 1295; ECF 514, PgID 2710, 2715–16. And Defendant's Sentencing Memorandum, filed by Mr. Plotkin, argued that the sophisticated means enhancement overrepresented the extent of Defendant's culpability in the scheme. ECF 477, PgID 2524–25 (under seal).

Further, his attorneys did not fail to sufficiently argue for credit for cooperation. Again, the plea agreement sets forth the terms of the Government's offer to recommend a downward departure under U.S.S.G. § 5K1.1 in exchange for cooperation. ECF 276, PgID 1287–91. The terms make clear that the recommendation is available only if the Government determines that Defendant's cooperation constitutes substantial assistance.

*Id.* at 1290–91. Defendant accepted the terms. The Government ultimately determined that Defendant's purported cooperation did not amount to substantial assistance for a variety of reasons, including what it believed was Defendant's untruthfulness. ECF 480, PgID 2555–61 (under seal); ECF 583, PgID 3156. But even in light of the Government's determination, Messrs. Johnston and Plotkin continued to argue in favor of a downward variance for Defendant. ECF 477, PgID 2527–33 (under seal); ECF 480 (under seal). Defendant's counsel repeatedly argued to mitigate Defendant's sentence, even in the face of the constraints from the plea agreement. Defendant's counsel provided objectively reasonable representation.

In his motion, Defendant protests his attorneys' failure to release certain funds that the Government allegedly accused him of hiding. It is not clear that the attorneys actually had the ability to do so. Even so, Mr. Weiss repeatedly advised Defendant of his responsibility to provide complete and accurate disclosures to the Government. *See* ECF 554, PgID 2933–34. Mr. Weiss's advice was not objectively unreasonable.

Further, Defendant's counsel did not fail to provide reasonable representation by not calling every single character witness suggested by Defendant. Defendant allegedly proposed one character witness to Mr. Weiss, but was unable to support his suggestion when Mr. Weiss asked to see the letter purportedly written by the witness. *See* ECF 554, PgID 2943. It is not objectively unreasonable for an attorney to decide not to call a character witness, especially when the attorney cannot confirm important details about the witness.

And Defendant was not prevented from participating in his own defense at all. He participated actively, communicating regularly with counsel. *See* ECF 554, PgID 2925–

7

61. Moreover, Defendant's attorneys incorporated Defendant's interests in their representation of him. Defendant's attorneys vigorously argued, on several occasions, for a shorter sentence. And Defendant's attorneys successfully presented to the court their objections to the presentence report. *See* ECF 583, PgID 3153.

The record even shows that Messrs. Johnston and Plotkin argued that Defendant's guideline range for sentencing should be less than many of his co-defendants. ECF 477, PgID 2524–27 (under seal). Defendant's counsel advocated for Defendant's sentence to correspond with those of his co-defendants, which is what Defendant wanted. The record controverts Defendant's assertions that his attorneys prevented Defendant from participating in his own defense or failed to advocate for his sentence to be comparable to other defendants.

Ultimately, the sentence was at the discretion of the Court. The sentences of other defendants with similar records and conduct constituted one of many factors the Court considered in determining Defendant's particular sentence. *See* 18 U.S.C. 3553(a). And in the absence of any evidence to the contrary, disparate sentences do not support the inference of ineffective assistance. *See Harris v. United States*, No. 17-3781, 2018 WL 509717, at *2 (6th Cir. Jan. 4, 2018).

Taken as a whole, the record shows that Messrs. Johnston, Plotkin, and Weiss repeatedly advocated for a downward departure in sentencing by filing several pages of memoranda and appearing in court. They argued vigorously in favor of their client, representing Defendant in an objectively reasonable manner. Defendant's ineffective assistance of counsel claims fail, and his motion to vacate sentence is denied.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Defendant's Motion to Vacate Sentence [547] and Amended Motion to Vacate Sentence [554] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** civil 2:18-cv-10019.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2018, by electronic and/or ordinary mail.

s/ David Parker  
Case Manager